IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. PLESHA, ) | |
| ) | Case No. 07 C 6602 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | Magistrate Judge Arlander Keys |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Deborah L. Plesha ("Plaintiff"), applied for a Period of Disability and Disability Benefits and Supplemental Security Income on January 7, 2005. At the time of her alleged onset of disability, she was 32 years old, 5'8", and weighed between 240 and 260 pounds. The Social Security Administration denied her application initially on September 19, 2005, and again on January 6, 2006, after Ms. Plesha asked for reconsideration. Ms. Plesha then requested a hearing before an Administrative Law Judge (ALJ), which was held on October 10, 2006. The ALJ issued his decision on March 29, 2007, finding that Ms. Plesha was not disabled and denied her claim for benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review on August 21, 2007. Subsequently, Ms. Plesha filed suit in the United States District Court, seeking review of the decision to deny her benefits. The parties consented to proceed

before a United States Magistrate Judge, and the parties proceeded before the late Judge Martin C. Ashman on November 21, 2007.

Ms. Plesha was represented by Frederick J. Daley, Jr. and his law firm, Daley, DeBofsky & Bryant. Based upon briefs written by Mr. Daley and his firm, on August 31, 2009, Judge Ashamn issued a decision reversing and remanding this case for further proceedings. Ms. Plesha subsequently prevailed on remand when the ALJ issued a favorable decision on July, 2, 2010, awarding her benefits retroactive to January 2005. The Commissioner's office of Central Operations calculated the benefits and awarded Ms. Plesha $61,335.90 in total past-due benefits.

Mr. Daley now petitions this Court for approval of an award of attorneys fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). Specifically, Mr. Daley argues that he should be entitled to 25% of the past due benefits awarded to Ms. Plesha, which would total $15,333.98. Mr. Daley acknowledges that he has already received attorneys' fees in the amount of $6,700; this amount was awarded, by stipulation, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 for 58.08 hours of legal services (15 hours of attorney work and 43.08 hours of paralegal/law clerk work). However, he asserts

that he intends to refund the EAJA fee of $6,700.00 to Ms. Plesha, and requests that the Court award him the $15,333.98 fee for his court work.

The relevant fee statute, 42 U.S.C. § 406, "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). These two provisions "establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Id.* at 794-795. The statute instructs that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Payment is to be made "out of, and not in addition to, the amount of such past-due benefits." *Id.* "Attorneys who represent claimants in social security proceedings thus are permitted to seek recovery under both the EAJA and the SSA and to keep the larger fee so long as the smaller fee for the 'same work' is refunded to the claimant." *Kopulos v. Barnhart*, 318 F. Supp.2d 657, 663-664 (N.D. Ill.

3

2004)(citing H.R.Rep. No. 99-120(I), at 20, reprinted in 1985 U.S.C.C.A.N. 132, 149).

There is no question that on October 25, 2007, Ms. Plesha signed a Social Security Contingent Fee Contract stipulating to a contingency fee payment of up to "25% of the past-due benefits if awarded by the court or the EAJA fee, which ever is the higher of the two." (See Exhibit B) Courts have long recognized contingency fee agreements as the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Moreover, a court should "defer to the parties' intentions where reasonable; the "contingency percentage . . . is negotiated privately between the attorney and the claimant" and the "percentage of the award agreed to by the parties should take account of the risk, as well as the ability of the attorney and the estimated hours of all of legal work that the claim will require." *McGuire v. Sullivan*, 873 F.2d 974, 979, 981 (7th Cir. 1989) The Court sees no reason not to defer to Ms. Plesha and Mr. Daley's agreement, however, Defendant asserts 3: the petition is untimely, the petition did not include pertinent proof regarding the actual lump sum award amount and attorney fee withholding amount; and the amount requested is excessive and represents a windfall. The Court disagrees with each of these 3 arguments.

Defendant argues that Plaintiff's §206(b) fee petition should be denied for being untimely and because the notice of award letter did not specify the amounts in question, which could lead to payment of a fee in excess of the amount allowed under the statute. The Court finds Defendant's reliance upon 42 U.S.C. §404.1730(c)(1) misplaced, as the statute provides a time limit for obtaining a direct payment and in no way supports voiding payment altogether. Equally unavailing is Defendant's contention that the August 19, 2010 award letter (Exhibit A) is not specific enough as to the actual award amount and attorney fee withholding.

Defendant seeks to cast doubt on the amount to be awarded Ms. Plesha by highlighting one line of the award letter which mentions the possibility of her award having to be reduced to account for any interim SSI benefits paid to her during the pendency of her claim. What seems to have eluded Defendant is the sentence prior, which states that the holding period is January 2005 through July 2010. Currently in October of 2012, the Court is sure the amount awarded will not be reduced. Moreover, the Court is additionally reassured that Mr. Daley will not collect in excess by the exact statute Defendant underscores, which states that any attempt by an attorney to demand or collect payment in excess of the reasonable fee is punishable as a

criminal misdemeanor. See 42 U.S.C. § 406(b)(2). Finally, the Court disagrees with Defendant's contention that the fee award is excessive, and instead finds awarding the full 25% (less the EAJA award) to Mr. Daley reasonable given the risk of non-payment he accepted upon pursuing Ms. Plesha's case. The Seventh Circuit has explained that, in assessing reasonableness in this context, the Court must be mindful that, "[w]ithout the greater incentive for attorneys to take these cases stemming from the potential for an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation." *McGuire v. Sullivan*, 873 F.2d 974, 979 - 981 (7th Cir. 1989) Therefore, to the extent a fee award of $15,333.98 for 58.08 hours of attorney (and more so paralegal/law clerk) time seems a little high, the Court finds that it is reasonable, considering the relative risk of non-payment Mr. Daley accepted upon pursuing this Social Security matter. Furthermore, as a policy matter, the Court believes that fully compensating attorneys who undertake Social Security cases will result in a greater number of claimants rightfully receiving benefits that they were otherwise denied.

Additionally, there is no question that, but for the results achieved by Mr. Daley, Ms. Plesha would not have received any benefits. Ms. Plesha's application for benefits was denied by

the ALJ and the Appeals Council denied a review of her claim, making the decision final. Yet, with Mr. Daley representing her in this Court, she prevailed on summary judgment and won a remand of her case for further administrative proceedings. Had he not done so, the Commissioner would not have reopened her case, and she would not have been awarded any benefits. Accordingly, the Court will award counsel fees as requested.

## Conclusion

For the reasons set forth above, the Court grants the petition for attorney's fees filed by Mr. Daley and awards fees under the Social Security Act in the amount of $15,333.98. This award is to be paid directly to Mr. Daley and Daley, DeBofsky & Bryant.

Dated: October 5, 2012

ENTER:

*Arlander Keys*

ARLANDER KEYS
United States Magistrate Judge